DUANE M. GECK (State Bar No. 114823)
DONALD H. CRAM, III (State Bar No. 160004)
**SEVERSON & WERSON, P.C**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone:     (415) 398-3344
Facsimile:     (415) 956-0439
Email:         dmg@severson.com
               dhc@severson.com

DAVID M. SCHILLI (NC No. 17989)
HEYWARD H. BOUKNIGHT (NC No. 32589)
**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:     (704) 377-2536
Facsimile:     (704) 378-4000
Email:         dschilli@rbh.com
               hbouknight@rbh.com

Attorneys for Pizzagalli Brothers Company

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| **IN RE:** | **Bankruptcy No. 8:07-bk-11503-TA** |
| **LISA E. FERNANDEZ,** | **Chapter 11** |
| Debtor. | **Adversary No. 8:08-ap-01069-TA** |
| **LISA E. FERNANDEZ,** | |
| Plaintiff, | **ANSWER OF PIZZAGALLI BROTHERS** |
| vs. | **COMPANY TO LISA E. FERNANDEZ'S** |
| **PIZZAGALLI BROTHERS COMPANY;** | **COMPLAINT OBJECTING TO PROOF** |
| **OLD CANAL FINANCIAL** | **OF CLAIM NO. 11 OF PIZZAGALLI** |
| **CORPORATION,** | **BROTHERS COMPANY** |
| Defendants. | |

C-1079177v5 19327.00011

TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY COURT JUDGE AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Pizzagalli Brothers Company ("PBC"), a Vermont General Partnership, through its undersigned counsel, respectfully submits its answer to the Complaint filed by Lisa E. Fernandez ("Debtor"). PBC responds to the numbered allegations of the Complaint as follows:

## GENERAL ALLEGATIONS OF THE COMPLAINT

1.    Admitted.

2.    PBC admits that Debtor filed this adversary proceeding to object to the Claim, but denies that an adversary proceeding is the proper manner for Debtor to object to the Claim. Except as expressly admitted, denied.

3.    PBC admits that an objection to the Claim is a core proceeding. The remainder of the allegations of paragraph 3 constitute a legal conclusion to which no response is required. To the extent a further response is required, denied.

4.    PBC admits that the Claim was filed on October 10, 2007 and that a true and correct copy of the Claim is attached to Debtor's Complaint as Exhibit A.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    PBC admits that the basis for the Claim is Debtor's liability under her guaranty for the deficiency balance and other amounts owed in connection with the Loan. The Claim is a

paper writing and is the best evidence of the contents thereof.  Except as expressly admitted, denied.

11.    PBC admits that Debtor has not sought any relief from Old Canal.  Except as expressly admitted, denied.

### AS TO THE FIRST CLAIM FOR RELIEF
**(Objection to Proof of Claim of PBC)**

12.    PBC restates and incorporates by this reference its responses contained in paragraphs 1-11 above as though fully set forth herein.

13.    PBC admits that Debtor alleges her belief that at the time of the foreclosure sale the Property was worth the amount owed on the Loan, but PBC denies that the Property was worth the amount owed on the Loan.  Except as expressly admitted, denied.

14.    PBC admits that Debtor alleges her belief that PBC's bid at the foreclosure sale of the Property was less than the Property's value, but PBC denies that the Property was worth more than PBC's bid or that the Claim should be defeated, disallowed or reduced.  Except as expressly admitted, denied.

15.    The allegations of paragraph 15 constitute a legal conclusion to which no response is required.  To the extent a response is required, denied.

### AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

Debtor's complaint should be dismissed because she improperly filed an adversary proceeding to initiate her objection to Proof of Claim No. 11 filed by PBC (the "Claim"), when claims objections are governed by Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") as well as Local Bankruptcy Rules 3007-1 and 9013-1, but not F.R.B.P. 7001.  In her complaint, Debtor has merely objected to the Claim and has not coupled her

objection with any demand for relief within the scope of F.R.B.P. 7001.   Indeed, Debtor's sole "Claim for Relief", as stated in her complaint, is her objection to the Claim, and she seeks nothing other than a disallowance or reduction of the Claim.  As contemplated in F.R.B.P. 3007 and Local Bankruptcy Rule 3007-1, this Court should not permit Debtor to proceed with her claims objection as an adversary proceeding.  Rather, the Court should dismiss her adversary proceeding and require Debtor to file her objection to the Claim in the manner dictated by F.R.B.P. 3007 and 9014 and Local Bankruptcy Rule 3007-1.

Debtor transparently filed the instant adversary proceeding in a futile attempt to join Old Canal Financial Corporation ("Old Canal") to the dispute, but she does not seek any relief against Old Canal.  As more fully set forth in the Third and Fourth Defenses below, Debtor has improperly joined Old Canal, and Old Canal should be dropped (as that term is used in F.R.B.P. 7021) from the adversary proceeding.

## SECOND AFFIRMATIVE DEFENSE

Debtor's objection to the Claim should be dismissed because of any one or more of the numerous violations of the Local Bankruptcy Rules committed in connection therewith.  Debtor failed to file and serve contemporaneous with her objection to the Claim:

(A)    Any evidence to prove that, at the time of the foreclosure sale, the Property (as defined in the Fifth Defense below) was worth more than $3,500,000.  Filing a proof of claim constitutes *prima facie* evidence of its validity, and "[t]he objecting party has the initial burden of controverting a proof of claim."  9 Collier on Bankruptcy ¶ 3007.01(1) (15th Ed. Rev. 2001). If Debtor intends to use any evidence, such as a written appraisal, or testimony to support her objection to the Claim,  she was required to file and serve such evidence with her objection to the Claim.  *See* Local Bankruptcy Rule 3007-1(a)(2) (mandating that objections to claims comply

with Local Bankruptcy Rule 9013-1(a)(4)(C)(i)).  Debtor cannot rely on her bald allegations in her objection to the Claim, but instead is required to rely upon declarations or other written evidence.  *See* Local Bankruptcy Rule 9013-1(a)(11).  Debtor's Complaint should be dismissed because she has not sustained her burden of coming forward with any evidence – much less proving – that, at the time of the foreclosure sale, the Property was worth more than $3,500,000; and

(B)    Any memorandum of the points and authorities upon which she intends to rely as required by Local Bankruptcy Rules 9013-1(a)(4)(C)(ii).

The Court may, and should, deem failure to timely file and serve these required papers as justification for, and Debtor's consent to, the denial of her objection to the Claim.  *See* Local Bankruptcy Rule 9013-1(a)(11).[1]

### THIRD AFFIRMATIVE DEFENSE

Old Canal is an improper party to the Complaint because Debtor is not seeking *any* relief from Old Canal.  A misjoinder is appropriately declared when no relief is demanded from one of the parties joined as a defendant.  *See generally*, 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1681 (3d ed. 2001).  Because Debtor admits in the Complaint that she "is not seeking any relief from Defendant Old Canal," Complaint ¶ 11, Old Canal is improperly joined and should be dropped from the Complaint pursuant to F.R.B.P. 7021.

---

[1] PBC intends to comply with the requirements of Local Bankruptcy Rule 9013-1(a)(7) if Debtor files an objection to the Claim pursuant to F.R.B.P. 3007 after the Complaint is dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

Old Canal is an improper party because Debtor has not served, and cannot serve, Borrower with a summons and copy of the Complaint as required by F.R.B.P. 7004. The summons issued on Old Canal by this Court on March 6, 2008, has expired, and Debtor has not sought to have a new summons issued. Moreover, Debtor cannot serve Old Canal with a summons unless and until Debtor obtains relief from the automatic stay in Old Canal's Chapter 7 bankruptcy, which she has not done as of the filing of this Answer. Accordingly, the Court should drop Old Canal from this adversary proceeding pursuant to F.R.B.P. 7021.

**FIFTH AFFIRMATIVE DEFENSE**

Debtor does not have standing under North Carolina law, which is the substantive law governing the Claim, to raise the two stated defenses to her deficiency liability to PBC. Debtor was a guarantor of a secured commercial real estate mortgage loan by PBC to Old Canal (the "Loan") enabling Old Canal to purchase a 41,000 square foot office building and related land in Mecklenburg County, North Carolina (the "Property"). Following Old Canal's default, PBC foreclosed on the Property and was the successful bidder at the foreclosure sale. The Claim arises from the deficiency liability of Debtor, as a guarantor, on the Loan. Debtor now objects to the Claim on the bases that the value of the Property at the time of the foreclosure equaled the balance due on the Loan and that PBC's bid at foreclosure was substantially less than the value of the Property. In North Carolina, any value-based defense to a deficiency action must be brought pursuant to N.C.G.S. § 45-21.36 (copy attached as Exhibit A), and this statute "is limited by the express terms of the statute to persons who hold a property interest in the mortgaged property." *Raleigh Fed. Sav. Bank v. Godwin*, 99 N.C. App. 761, 762, 394 S.E.2d 294, 296 (1990) (copy attached as Exhibit B). By her own admissions in ¶ 5 of the Complaint, Debtor had

no such interest in the Property, so her objection to the Claim should be summarily denied. Moreover, Debtor's husband who was a co-guarantor on the Loan attempted to raise these same value-based defenses in the litigation brought by PBC in the North Carolina Superior Court (the "North Carolina Litigation"), and those defenses were rejected at summary judgment based on his lack of standing. The outcome in Debtor's bankruptcy should be no different.

## SIXTH AFFIRMATIVE DEFENSE

Debtor is precluded from objecting to the Claim now, because prior to the filing of her bankruptcy she defaulted in the North Carolina Litigation on the very claims that form the basis of the Claim. PBC filed the North Carolina Litigation and properly served Debtor with a summons and copy of the complaint. Debtor failed to file any answer or other responsive pleading in the North Carolina Litigation, and default was entered against her in accordance with applicable law. Debtor should not be allowed to ignore her obligations to defend the North Carolina Litigation and avoid the consequences of her own inaction resulting in the entry of default in the North Carolina Litigation.

## SEVENTH AFFIRMATIVE DEFENSE

Debtor's Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure (incorporated by reference into the F.R.B.P. by F.R.B.P. 7012) for failure to state a claim upon which relief may be granted.

WHEREFORE, PBC respectfully requests that the Court enter an order and judgment that:

A.    Drops Old Canal from the adversary proceeding;

B.    Denies Debtor all of the relief sought in the Complaint;

C.    Dismisses the Complaint with prejudice;

D.    Taxes the costs of this action against Debtor; and

1         E.     Awards PBC such other and further relief as the Court deems just and proper.

2    DATED:  April 7, 2008          Respectfully submitted,

3              SEVERSON & WERSON
A Professional Corporation

4

5              By:  /s/ Donald H. Cram

6                  DONALD H. CRAM

7              Attorneys for Defendant
PIZZAGALLI BROTHERS COMPANY

8

9    OF COUNSEL:

10   DAVID M. SCHILLI (NC No. 17989)
HEYWARD H. BOUKNIGHT (NC No. 32589)

11   **ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900

12   Charlotte, North Carolina 28246
Telephone:     (704) 377-2536

13   Facsimile:     (704) 378-4000
Email:     dschilli@rbh.com

14             hbouknight@rbh.com

15

16

17

18

19

20

21

22

23

24

25

26

DUANE M. GECK (State Bar No. 114823)
DONALD H. CRAM, III (State Bar No. 160004)
**SEVERSON & WERSON, P.C**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone:     (415) 398-3344
Facsimile:     (415) 956-0439
Email:         dmg@severson.com


DAVID M. SCHILLI (NC No. 17989)
HEYWARD H. BOUKNIGHT (NC No. 32589)
**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:     (704) 377-2536
Facsimile:     (704) 378-4000
Email:         dschilli@rbh.com
               hbouknight@rbh.com

Attorneys for Pizzagalli Brothers Company.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| **IN RE:** | **Bankruptcy No. 8:07-bk-11503-TA** |
| **LISA E. FERNANDEZ,** | **Adversary No. 8:08-ap-01069-TA** |
| **Debtor.** | **Chapter 11** |

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.

I am employed in the City and County of San Francisco, California; my business address is

Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, California 94111.

On the date below, I served a copy, with all exhibits (if any), of the following

document(s):

**ANSWER OF PIZZAGALLI BROTHERS COMPANY TO LISA E. FERNANDEZ'S COMPLAINT OBJECTING TO PROOF OF CLAIM NO. 11 OF PIZZAGALLI BROTHERS COMPANY**

on all interested parties in said case addressed as follows:

Annie Verdries
650 Town Ctr Dr Ste 1400
Costa Mesa, CA 92626-1970

[X] **(BY MAIL)** I caused an envelope to be deposited in the mail at San Francisco, California, with first class postage thereon fully prepaid.

I am readily familiar with Severson & Werson's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in sealed envelopes with first class postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in San Francisco, California, on April 7, 2008.

_____
John Bertinetti